CHARLES ZEMEL ET AL., PLAINTIFFS-RESPONDENTS, v.
PUBLIC SERVICE PRODUCTION COMPANY ET AL., DE-
FENDANTS-APPELLANTS.

Argued May 7, 1930—Decided May 19, 1930.

Before Justices BLACK and CASE.

For the plaintiffs-respondents, *Joseph Zemel*.

For the defendants-appellants, *Henry H. Fryling, Carl T.
Freggens* and *William H. Speer*.

PER CURIAM.

The plaintiffs obtained a judgment for $475 against the
defendants. The pleadings charge the defendants with force
and arms breaking into and entering the premises of the
plaintiffs and with shovels and pick axes dug up the side-
walk of the plaintiffs and made a pit or shaft and hole of
great breadth and width in the sidewalk. The state of the
case sent up with the appeal shows that the defendants
"opened up Ward street and installed therein, and constructed
a vault or manhole, approximately six by ten feet under
the sidewalk on the Ward street frontage at Kirk alley, in
which was placed three transformers and conduits used in
connection with the business of the electric company in fur-
nishing electrical energy either for light or power." The
trial court found "that the statutes, ordinances and permit

under which the defendant installed the structure in question under the sidewalk did not authorize the defendants to take private property without just compensation." With this view of the trial court we are in accord. The judgment will be affirmed. The only ground of appeal is alleged error by the trial court in giving judgment for the plaintiffs. The appellants to reverse the judgment rely upon the case of *Nicoll* v. *The New York, &c., Tel. Co.,* 62 *N. J. L.* 733; but, that case involved the right of a telephone company to erect a telephone line within the limits of a public highway. It is not in point on the facts. The appellants, however, seek to justify their position by a citation of a passage from the opinion in that case. Mr. Justice Dixon in the opinion with his usual precision and clearness discusses some of the phases of the questions involved in this case. But that case is not controlling under the facts of this case.

The judgment of the First District Court of Newark is therefore affirmed, with costs